UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY L. SNIDER,

     Plaintiff,     Case Numbers:  07-14751 & 01-10012
               Honorable David M. Lawson
v.                Magistrate Judge Charles E. Binder

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE COMMISSIONER

   This matter comes before the Court for a second time.  The plaintiff filed his first action in this Court seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act on January 9, 2001.  On July 20, 2004, the Court vacated the Commissioner's order denying benefits and remanded the case to the Social Security Commission for further proceedings to consider a report on neuropsychological testing performed approximately one year after the administrative hearing.  In the meantime, on April 29, 2002, the plaintiff applied for supplemental security income (SSI) benefits under Title XVI of the Social Security Act.  That application was consolidated with the plaintiff's application for DIB on remand.  Both applications were denied because the administrative law judge (ALJ) concluded that the plaintiff was not disabled within the meaning of the Social Security Act.  A finding of disability, of course, is a prerequisite to benefits under both Titles II and XVI.

The plaintiff filed his second action in this Court on November 5, 2007 seeking review of the denials in both cases. The case was referred to United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and the defendant filed a motion for summary judgment requesting affirmance. Magistrate Judge Binder filed a report on February 5, 2009 recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and the decision of the Commissioner affirmed. The plaintiff filed timely objections to the recommendation. This matter is now before the Court for *de novo* review.

The Court has reviewed the file, the report and recommendation, and the plaintiff's objections and has made a *de novo* review of the administrative record in light of the parties' submissions. In his motion for summary judgment and the objections to Judge Binder's report, the plaintiff challenges the conclusion that substantial evidence supports the ALJ's determination that the plaintiff was not disabled. The main source of the plaintiff's disability, he argues, is dizziness and dementia caused by a closed head injury the plaintiff suffered in an automobile accident on September 29, 1997. At the first administrative hearing, ALJ Earl Witten found those impairments were severe and prevented the plaintiff from performing his past work, but he concluded that the plaintiff still could perform light work. On appeal, this Court found that substantial evidence supported the ALJ's conclusion, but the Court also found that a report by neuropsychologist Gerard R. Williams, Ph.D., completed a year after the administrative hearing warranted a remand for consideration of this new evidence. On remand, a different ALJ found that the record as a whole,

including Dr. Williams's report, supported a conclusion that the plaintiff could perform light work. The plaintiff insists that the record compels a different conclusion.

The plaintiff, who is currently fifty-six years old, applied for DIB on November 27, 1998 and for SSI on April 29, 2002. He has a high school education, and for the last ten years of his work life he was employed as a compounder making molded plastic parts and as a mixer at a factory. The plaintiff last worked in September 1997, when he claims that he became disabled as the result of the closed head injury suffered in a motor vehicle accident.

Following this Court's remand, on April 29, 2002, the claimant submitted a claim for SSI benefits and renewed his application for DIB payments, both of which were initially denied. The case on remand was consolidated with the new case, and on July 12, 2005, the plaintiff appeared before ALJ B. Lloyd Blair for an administrative hearing. ALJ Blair filed a decision on October 28, 2005 in which he found the plaintiff was not disabled. The ALJ reached that conclusion by applying the necessary portions of the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520, 416.920. The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since September 30, 1997, the alleged onset date (step one); the plaintiff suffered from dizzy spells, dementia caused by a head trauma, and adjustment disorder with depressed mood, which were "severe" within the meaning of the Social Security Act (step two); none of these impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff could not perform any of his past relevant work, which the ALJ found to be unskilled and requiring medium to heavy exertion (step four).

In applying the fifth step, the ALJ concluded that the plaintiff retained the functional capacity to perform a significant range of light work. The plaintiff was able to lift or carry a maximum of

twenty pounds – or ten pounds – if frequently, and stand or walk for the maximum of six hours; but he could perform only simple unskilled work that does not require him to read, compute or calculate, problem solve or reason. He also must avoid using ladders, scaffolds or ropes (ha can use ramps or stairs only occasionally), working with hazards (including work with dangerous machinery or at unprotected heights), and commercial driving. He also must avoid jobs involving concentration on detailed or precision work. Relying on the testimony of a vocational expert, the ALJ found that there were a significant number of jobs in the national economy that fit within these limitations including hand packager, equipment cleaner, sorter, inspector, or assembler. Based on that finding and using the Medical Vocational Guidelines found at 20 C.F.R. Pt. 404, Subpt. P, App. 2 §§ 202.13, 202.20 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on September 6, 2007.

As noted earlier, the magistrate judge reviewed the record and concluded that substantial evidence supported the ALJ's findings. Plaintiff's counsel filed a brief identifying four objections. After reviewing the objections, the plaintiff's brief in support of his summary judgment motion, and his reply to the Commissioner's motion, it appears that the plaintiff's arguments fall into two categories: those that attack the opponent or decision maker, and those that contend that the credibility findings made (or supported) by those individuals are incorrect. For instance, the plaintiff's first objection is that the magistrate judge exhibited bias in favor of the government because he selectively pointed to evidence in the record that supported the ALJ's conclusion. The plaintiff says that the magistrate judge's bias denied him a right to due process of law and to a fair review. Second, the plaintiff contends that the magistrate judge erred in upholding the ALJ's

conclusion that the sequelae of the plaintiff's closed head injury, spells of dizziness, dementia, and adjustment disorder with depressed mood did not disable him from gainful employment. Third, the plaintiff charges that the magistrate judge failed to respond adequately to his attack on the report of Dr. S. A. Colah, which contained multiple factual errors and inconsistencies, and his claim that Dr. Colah is no more than a notorious shill for insurance company interests. Fourth, the plaintiff argues that the Commissioner failed to carry its burden of proof with respect to the availability of jobs that the plaintiff could perform on a regular basis, given the limitations that the plaintiff described at the administrative hearing, which were rejected by the ALJ.

This case, even more than many other Social Security disability appeals, boils down to a question of credibility. The plaintiff contends that the injury he received in a car accident causes him to be so dizzy that he cannot get through a work day, even if the job required only sedentary work. The parties appear to agree that the plaintiff suffered a closed head injury in the September 1997 automobile accident. It also appears to be undisputed that closed head injuries can, but do not always, cause dizziness. The plaintiff also acknowledges that "there is no medical test that demonstrates whether an individual has dizziness or the extent of that dizziness, much as cephalgia or headaches are not given to objective testing or quantification," Pl.'s Obj. at 14 n.4, and that the plaintiff's clinical evaluations were normal. Dr. Williams's neuropsychological report, which provoked the remand, confirms that the plaintiff suffered a closed head injury; but his conclusion does not confirm or undermine the plaintiff's claims of intractable dizziness or other limitations. The plaintiff testified at the administrative hearing to limitations that surely would render him disabled, but the AJL did not find the claims "fully credible," which means that the ALJ did not

believe the plaintiff's description of his own limitations. It is the rejection of this credibility determination that the plaintiff seeks in the present case.

It is useful to recapitulate the well-known review standards that apply to cases such as this. The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). The reviewing court must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir. 1997). This Court may not base its decision on a single piece of evidence and disregard other pertinent evidence when evaluating whether substantial evidence in the record exists. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Thus, where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (internal quotes and citations omitted).

When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir.

2001). Instead, the Court must uphold the ALJ's decision if there is "'such relevant evidence as a reasonable mind might accept' as sufficient to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001)). "The substantial evidence standard is less exacting than the preponderance of evidence standard." *Ibid*. (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996). If the ALJ's decision is supported by substantial evidence, reversal would not be warranted even if substantial evidence supports the opposite conclusion. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

However, a substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Garner*, 745 F.2d at 388 (internal quotes and citations omitted); *see also Laskowski v. Apfel*, 100 F. Supp. 2d 474, 482 (E.D. Mich. 2000).

Although subjective complaints may be sufficient to support a claim of disability, *see Glass v. Sec'y of Health, Educ. & Welfare,* 517 F.2d 224, 225 (6th Cir. 1975), Congress has also stated that "there must be medical signs and findings, established by medically acceptable or clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain." 42 U.S.C. § 423(d)(5)(A). The Sixth Circuit has prescribed an analytical framework for evaluating subjective complaints when disability is caused by pain, which is equally applicable to the subject complaints of dizziness in this case:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

Under 20 C.F.R. § 404.1529(b) (1995), the plaintiff must establish an underlying medical condition and then show either (1) that objective medical evidence confirms the severity of the alleged symptoms arising from the condition, or (2) the medical condition, objectively determined, is at a level of severity that reasonably can be expected to give rise to the alleged symptoms. If the plaintiff satisfies this burden, the ALJ must then evaluate the intensity and persistence of the plaintiff's symptoms in light of objective medical evidence including the activity which precipitates or aggravates the plaintiff's symptoms, the plaintiff's daily activities, the intensity and duration of his symptoms, and medications, treatment and other means to relieve the symptoms. 20 C.F.R. § 404.1529(c) (1995).

As noted earlier, the ALJ concluded that the plaintiff overstated his disability due to dizziness and, therefore, he discounted his testimony. In evaluating a claimant's complaints, the ALJ quite properly may consider the claimant's credibility. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997); *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524, 538 (6th Cir. 1981). In assessing the credibility of a witness, personal observations are important. In fact, it is one of the reasons underlying the preference for live testimony. *See* 2 McCormick on Evidence § 245, at 94 (4th ed. 1992); *cf. Ohio v. Roberts*, 448 U.S. 56, 63-64 (1980), *abrogated on other grounds by Crawford v. Washington*, 541 U.S. 36 (2004). Therefore, an ALJ, who has observed a witness's demeanor while testifying, should be afforded deference when his credibility findings are

assessed.  *See Jones v. Comm'r of Social Sec.*, 336 F.3d 469, 475-76 (6th Cir. 2003); *Villarreal v. Sec'y of Health & Human Servs.,* 818 F.2d 461, 463 (6th Cir. 1987).  The Court is not obliged to accept an ALJ's assessment of credibility, however, if the finding is not supported by substantial evidence.  *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 386-87 (6th Cir. 1978).

When a claimant's testimony is rejected on the ground that credibility is lacking, the ALJ is obligated to explain in some detail the reasons that led to the rejection.  The Sixth Circuit explained:

> Social Security Ruling 96-7p also requires the ALJ explain his credibility determinations in his decision such that it "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."  In other words, blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence.

*Rogers v. Comm'r of Social Sec.*, 486 F.3d 234, 248 (6th Cir. 2007) (footnote omitted); *see also Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir.1985) ("In the absence of an explicit and reasoned rejection of an entire line of evidence, the remaining evidence is 'substantial' only when considered in isolation.  It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence.  It is absolutely essential for meaningful appellate review.") (quoting *Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir. 1984)).

The ALJ gave an explanation for his credibility determination in this case.  He concluded that the plaintiff's testimony at the administrative hearing about his limitations was inconsistent with statements he made to prior treating and examining physicians.  For instance, the plaintiff testified that he could sit for only one hour at a time, but he said that he drove to Florida with his wife.  His testimony at the hearing revealed a greater frequency of headaches than the report he made to Dr.

Borders-Robinson. *See* Tr. 249. Magistrate Judge Binder cited some additional discrepancies. He noted that two of the plaintiff's treating physicians reported improvement in the plaintiff's headaches and dizziness in late 1997 and early 1998. A year following the accident, Dr. Salman, one of the plaintiff's treating physicians, stated that the plaintiff could walk for up to two-and-a-half hours and sit for five-and-a-half hours during a work day. R&R at 14. Dr. Gordon Rady, a state disability examiner, found that the plaintiff had limitations, but he concluded that the plaintiff had no exertional limitations and could walk, lift, carry, push, pull, and sit. Dr. Rady acknowledged that a treating physician's opinion was inconsistent with his own opinion, and he explained that the treater's conclusion that the plaintiff was disabled did not square with the plaintiff's own description of his dizziness, headaches, and shoulder pain. Tr. at 160-67.

The plaintiff complains bitterly that the ALJ and the magistrate judge afforded any weight to the opinion of Dr. S. A. Colah, a neurologist who conducted a medical examination for an insurance company in the plaintiff's automobile accident case, because in the plaintiff's view, Dr. Colah never finds a claimant disabled and he is beholden somehow to the insurance industry. The plaintiff makes this conclusion on the basis of Dr. Colah's opinions in nine other cases in which he found that a claimant was not injured or exaggerated his injuries. These nine cases hardly prove the plaintiff's point. Nonetheless, the Court is familiar with Dr. Colah's medical-legal work and gives no weight to his opinion in this case. But removing Dr. Colah's opinion from the analysis does not change the outcome. Without that opinion, substantial evidence is found in the record that supports the ALJ's credibility determination. And the mere fact that Dr. Colah opined that the plaintiff was not disabled is no evidence that he was. Even a stopped clock is correct twice a day.

The plaintiff also contends that Judge Binder's review of the evidence was selective. The contrary medical evidence comes from the plaintiff's treating physicians, who found that the plaintiff was totally disabled. The ALJ rejected those opinions because they were not based on objective evidence or clinical verification. In fact, they were based on the plaintiff's subjective complaints and his reports of dizziness, which were not as severe as he described in his testimony. After the first administrative hearing, ALJ Witten rejected the opinions of those treaters for the same reason, and this Court held that the conclusion was supported by the record. The same result follows here. The validity of the treating physicians' opinions is dependent on the plaintiff's credibility (in his statements to the doctors), which the ALJ discounted. To say that the ALJ must accept those opinions is to argue nothing more than that the ALJ must believe the plaintiff because his doctors believed him. This circular argument must fail because credibility decisions are committed to the ALJ. *See Garner*, 745 F.2d at 387 (holding that the Court "may not try the case *de novo,* nor resolve conflicts in evidence, nor decide questions of credibility").

The plaintiff also contends that the magistrate judge's review of the record was selective, which exhibited judicial bias that resulted in the denial of a fair hearing. Certainly, a litigant is entitled to an unbiased decision maker. *Caperton v. A.T. Massey Coal Co., Inc.*, 129 S. Ct. 2252, 2259 (2009) (noting that "[i]t is axiomatic that '[a] fair trial in a fair tribunal is a basic requirement of due process'") (quoting *In re Murchison*, 349 U.S. 133, 136 (1955)). Therefore, under 28 U.S.C. §§ 144 and 455, "'[a] judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir.1999) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)). However, prejudice or bias sufficient to justify recusal must be personal or extrajudicial.

*In re M. Ibrahim Khan, P.S.C.*, 751 F.2d 162, 164 (6th Cir. 1984). "Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *United States v. Nelson*, 922 F.2d 311, 319-20 (6th Cir.1990) (internal quotation marks omitted). Personal bias may arise from the judge's background or associations that "result[] in an opinion on the merits on some basis other than what the judge learned from participation in the case." *Ibid.* (citation and internal quotation marks omitted). Bias finding its source in the judge's view of the law or the facts of the case itself is not sufficient to warrant disqualification. *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir.1983). Therefore, disagreement with a judge's decision or ruling is not a basis for disqualification. *Liteky v. United States*, 510 U.S. 540, 555-56 (1994).

There is no evidence that the magistrate judge held or acquired a view of this case other than from the record. The plaintiff's allegations of bias in this case find no support in the record, and under the circumstances are irresponsible. There is no basis to reject the magistrate judge's conclusion in this case on the ground of alleged bias, which emanates solely from the plaintiff's disagreement with his decision.

The plaintiff's contention that the Commissioner failed to carry his burden at step 5 of the sequential evaluation is premised on the argument that the ALJ should have accepted the plaintiff's testimony on the extent of his limitations and fashioned his hypothetical question to the vocational expert accordingly. This argument must fail. It is true that at step 5, the burden shifts to the Commissioner to establish that the plaintiff possesses the residual functional capacity to perform other substantial gainful activity. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987); *see also Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980). "To meet this burden,

-12-

there must be a finding supported by substantial evidence that [plaintiff] has the vocational qualifications to perform specific jobs." *Varley*, 820 F.2d at 779 (internal quotes and citations omitted). However, as noted earlier, there is substantial evidence in the record that supports the ALJ's determination of the plaintiff's residual functional capacity. The rule that a hypothetical question must incorporate all of the claimant's physical and mental limitations does not divest the ALJ of his or her obligation to assess credibility and determine the facts. In fashioning the hypothetical question to be posed to the vocational expert, the ALJ "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). "[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability," and "can present a hypothetical to the [vocational expert] on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones*, 336 F.3d at 476.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 36 in case no. 07-14751; dkt # 47 in case no. 01-10012] is **ADOPTED**. The plaintiff's objections [dkt # 37 in case no. 07-14751; dkt # 48 in case no. 01-10012] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt # 27 in case no. 07-14751; dkt # 38 in case no. 01-10012] is **DENIED** and the defendant's motion for summary judgment [dkt # 34 in case no. 07-14751; dkt # 45 in case no. 01-10012] is **GRANTED**.

It is further **ORDERED** that the findings of the Commissioner are **AFFIRMED**.

                                                  s/David M. Lawson
                                                  DAVID M. LAWSON
                                                  United States District Judge

Dated: September 22, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 22, 2009.

                                    s/Lisa M. Ware
                                      LISA M. WARE

2:01-cv-10012-DML-CEB Doc # 49 Filed 09/22/09 Pg 14 of 14 Pg ID 608